UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARTHUR OLIVER, *pro se,* NYSHERIA
OLIVER-SIMS, *pro se,* and VISION'S BAR
AND LOUNGE CORP.,

                        Plaintiffs,                  **MEMORANDUM & ORDER**
                                                                   15-CV-103(DLI)(LB)

      -against-

940 FULTON LLC and YOSSI ARIEL,

                        Defendants.
-------------------------------------------------------------X
**DORA L. IRIZARRY, U.S. District Judge:**

On January 7, 2015, *pro se* plaintiffs Arthur Oliver and Nysheria Oliver-Sims (hereinafter "Plaintiffs")[1] filed this action against 940 Fulton LLC and Yossi Ariel. (*See* Compl., Dkt. Entry No. 1.) Their applications to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915 for purposes of this Order only. However, as set forth more fully below, the complaint is dismissed.

## BACKGROUND

The complaint states that "[t]he jurisdiction of the Court is invoked pursuant to my civil rights have been violated. (Employment Discrimination.)" (Compl. at 1.)[2] However, the complaint does not allege employment discrimination. Rather, it alleges that Plaintiffs have

---

[1] Plaintiffs also purport to file the action on behalf of a corporate entity, Vision's Bar and Lounge Corp. However, a person who is not licensed to practice law may not appear *pro se* to represent a corporation or any artificial entity, such as a partnership, unincorporated association or limited liability company. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (explaining that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

[2] The hand written complaint, as paginated by Plaintiffs, begins with the number "1" on the second page. For clarity, the refers to the pagination assigned by the Electronic Case Filing system.

"been harassed by the tenants and the landlord" of the property where they own and manage a sports bar. (*Id*. at 2.)

According to the complaint, Plaintiffs entered into a rental agreement for commercial space located at 940 Fulton Street in Brooklyn in September, 2012. (*Id.*) "Since day one the landlord has violated our rights by making us pay (3) extra months of rent because our credit wasn't perfect." (*Id.*) The complaint alleges that the landlord and tenants living above the commercial space have harassed Plaintiffs by making "False Statements to police, fire dep[artment] and all local agencies: ex: Health Dep[artment], Environmental Agency." (*Id.*) It further alleges that "[t]hey have made us lose customers by posting false things on Yelp (Advertisement)." (*Id.*) Plaintiffs allege that the landlord "wants to evict us for non payment of rent . . . . We were 2 months behind in rent which is 4500 per month . . . . [T]he landlord took us to Landlord Tenant Court which was not good for us." (*Id*. at 3.) Plaintiffs state that they fell behind on their rent because the business was closed down by the Health Department "because we failed to submit [a] certificate in time." (*Id.*)

Plaintiffs allege that the initial court proceedings went badly because their attorneys "filed the wrong paperwork" and "didn't file the order to show cause in time." (*Id*. at 3, 4.) When the judge gave them an opportunity to pay the rent arrears of $36,000, "the court knew we couldn't come up with the money by 7:00 pm. So she entered a judgment for the landlord." (*Id*. at 4.) "Since then we [have] been trying to get our security back plus our belongings which the landlord refuses to give us access to." (*Id.*) Plaintiffs seek an injunction granting access to the commercial space to allow them to collect their property. They also seek unspecified monetary damages for "slander and emotional stress." (*Id*. at 5.) The complaint concludes by noting that:

> Our rights have been violated when the tenants realized that the owners where African American the harassment started. The board voted for a

> bar but they didn't want that kind of bar the landlord knew that took all of our money knowing that the board didn't want us there and now he's doing everything possible to kick us out. I think he should be punished for that.

(*Id*. at 5.)

## **DISCUSSION**

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 54142 (E.D.N.Y. 1999) (inquiring into whether *pro se* plaintiff established subject matter jurisdiction); *see also Chestnut v. Wells Fargo Bank N.A.*, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking,

the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Turning to the instant action, Plaintiffs allege that their "civil rights have been violated," and claim that the harassment started "when the tenants realized that the owners [were] African American." (Compl. at 5.) Liberally construing the *pro se* complaint, the court considers whether it states a viable claim under the Civil Rights Acts.

Title 42 of the United States Code, Section 1983 ("Section 1983"), provides a mechanism for bringing civil rights claims against state actors. To maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private individuals. As the Supreme Court has explained, "the under-color-of-state-law element of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). In this case, the only named defendants are the landlord, Yossi Ariel, and a corporate entity, 940 Fulton LLC. Plaintiffs have not alleged that Ariel was acting

4

"under color of state law," and the corporate entity is not a "person" amenable to suit under Section 1983. The alleged racial discrimination claims are levied against the other tenants of the building, who are not named as defendants, and who also are not alleged to be state actors. Under these circumstances, Plaintiffs have failed to allege a viable claim under Section 1983 against the defendants or the non-party tenants.

The court also has considered whether Plaintiffs' claims could arise under 42 U.S.C. § 1981(a) ("Section 1981"), which provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This section of the Civil Rights Acts may be applied to the actions of private individuals and entities and does not require state action. 42 U.S.C. § 1981(a); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 294-98 (2d Cir. 2003). "To establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). A Section 1981 claim based on the right to make and enforce contracts "must initially identify an impaired contractual relationship, under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

In this case, Plaintiffs have not alleged that their ability to enter into a lease contract was impaired by their race or that the landlord discriminated against them in the terms of the lease

5

because of their race. Instead, they state that the landlord demanded increased security payments "because our credit wasn't perfect." (Compl. at 2.) They acknowledge that the eviction proceeding was commenced on the basis of nonpayment of rent. (*Id*. at 3.) The tenants are alleged to have harassed Plaintiffs because they are African American; however, the tenants are not alleged to have interfered in Plaintiffs' ability to make and enforce contracts or other activities enumerated in Section 1981. Thus, Plaintiffs failed to allege any claims arising under Section 1981.

Accordingly, Plaintiffs' civil rights claims, whether construed as arising under Section 1983 or Section 1981, are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint does not assert any other basis for the court's jurisdiction. This court has no jurisdiction over commercial property leases, state or local court proceedings, or New York City agencies.

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed for failure to state a claim on which relief may be granted, and for lack of subject matter jurisdiction over this action. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 5, 2015

                                                /s/
                                      DORA L. IRIZARRY
                                  United States District Judge